UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

            Plaintiff,

-against-

CRAIG A. ZABALA,

            Defendant,

-and-

DOREEN MCCARTHY,

            Relief Defendant.

Case No. 1:20-cv-07880-GBD

---

**FINAL JUDGMENT**
**AGAINST DEFENDANT RELIEF DEFENDANT DOREEN MCCARTHY**

The Securities and Exchange Commission having filed a Complaint and Relief Defendant Doreen McCarthy ("Relief Defendant McCarthy") having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant McCarthy and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief

Defendant McCarthy is liable for disgorgement of $297,500, representing profits gained as a result of Craig Zabala's violations of the federal securities laws, together with prejudgment interest thereon in the amount of $27,859, for a total of $325,359. Relief Defendant McCarthy shall satisfy this obligation by paying $325,359 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Relief Defendant McCarthy, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant McCarthy under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: JAN 2 5 2023

*George B. Daniels*
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>    -against-<br><br>CRAIG A. ZABALA,<br><br>                Defendant,<br><br>    -and-<br><br>DOREEN MCCARTHY,<br><br>                Relief Defendant. | Case No. 1:20-cv-07880-GBD |

**CONSENT OF RELIEF DEFENDANT MCCARTHY**

1.    Relief Defendant Doreen McCarthy ("Relief Defendant McCarthy") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Relief Defendant McCarthy and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Relief Defendant admits), Relief Defendant McCarthy hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, orders Relief Defendant McCarthy to pay disgorgement in the amount of $297,500, plus prejudgment interest thereon in the amount of $27,859.

1

3.      Relief Defendant McCarthy waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Relief Defendant McCarthy waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6       Relief Defendant McCarthy enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant McCarthy to enter into this Consent.

7       Relief Defendant McCarthy agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Relief Defendant McCarthy will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Relief Defendant McCarthy waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant McCarthy of its terms and conditions. Relief Defendant McCarthy further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant McCarthy has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Relief Defendant McCarthy acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have

2

arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Relief Defendant McCarthy waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Relief Defendant McCarthy further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Relief Defendant McCarthy understands that she shall not be permitted to contest the factual allegations of the complaint in this action.

11. Relief Defendant McCarthy understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Relief Defendant McCarthy's agreement to comply with the terms of Section 202.5(e), Relief Defendant McCarthy: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Relief Defendant McCarthy

3

does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Relief Defendant McCarthy does not deny the allegations; (iii) upon the filing of this Consent, Relief Defendant McCarthy hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant McCarthy under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Relief Defendant McCarthy breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Relief Defendant McCarthy's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Relief Defendant McCarthy hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief Defendant McCarthy to defend against

this action. For these purposes, Relief Defendant McCarthy agrees that Relief Defendant McCarthy is not the prevailing party in this action since the parties have reached a good faith settlement.

Dated: 10/20/22

_____
Doreen McCarthy

On October 20, 2022, Doreen M<sup>c</sup>Carthy, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 08-24-2024

Approved as to form:

_____
Matthew M. Oliver
Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 419.5852

5